**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DOMINIC A. | : | |
| | : | |
| v. | : | NO. 25-CV-6141 |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of Social Security | : | |

**O P I N I O N**

SCOTT W. REID                                              DATE:  July 7, 2026
UNITED STATES MAGISTRATE JUDGE

Dominic A. brings this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB").  He has filed a Request for Review to which the Commissioner has responded.  As explained below, I conclude that the Request for Review should be denied and judgment granted in favor of the defendant.

I.      *Factual and Procedural Background*

Dominic A. was born on December 22, 1986.  Record at 198.  He obtained a GED. Record at 353.  He worked in the past as a claims adjuster.  Record at 254.  On June 20, 2023, Dominic A. filed an application for DIB, alleging disability as of February 21, 2023, on the basis of anxiety and depression.  Record at 198, 253.  Dominic A.'s application was denied on December 11, 2023.  Record at 103.  It was denied again upon reconsideration on May 8, 2024. Record at 111.  Dominic A. then sought review *de novo* by an Administrative Law Judge ("ALJ").  Record at 135.

A hearing was held before an ALJ on January 23, 2025. Record at 58. On March 25, 2025, however, the ALJ issued a written decision denying benefits. Record at 17. On August 29, 2025, the Appeals Council denied Dominic A.'s request for review, permitting the ALJ's decision to stand as the final decision of the Commissioner for Social Security. Record at 1. Dominic A. then filed this action.

II.     *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401. A reviewing court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). Each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

2

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id*. The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p. The final two steps of the sequential evaluation then follow:

> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make the adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.    *The ALJ's Decision and the Claimant's Request for Review*

In his Decision, the ALJ found that Dominic A. suffered from the severe impairments of major depressive disorder, generalized anxiety disorder, and migraine headaches. Record at 20. He found, however, that no impairment, and no combination of impairments, met or medically equaled a listed impairment. Record at 22.

> The ALJ determined that Dominic A. retained the following RFC:

> The claimant can lift, carry, push and/or pull up to 20 pounds occasionally and 10 pounds frequently. He can sit, stand and walk for 6 hours each in an 8-hour day. As for postural activities, claimant can never crawl, kneel or climb ladders, ropes, or scaffolds. He occasionally can balance, crouch, and climb ramps and stairs. He frequently can stoop. Regarding environmental exposures, claimant cannot work with hazards like dangerous moving machinery or unprotected heights. He cannot operate a motor vehicle. Claimant can have only occasional, but not concentrated exposure to extreme cold, extreme heat, vibration, and atmospheric conditions as those are rated and defined in the Selected Characteristics of Occupations (SCO). Regarding mental activities, claimant can understand, remember, and carry out simple instructions and make simple decisions with occasional workplace changes. He can perform tasks that do not involve a specific production rate pace, such as assembly line work or an hourly production quota. Claimant can have occasional interaction with the public, coworkers, and supervisors.

Record at 24-5.

3

Relying on the testimony of a vocational expert who appeared at the hearing, the ALJ concluded that Dominic A. could not return to his former work, but could work in such jobs as routing clerk, cleaner/housekeeper, and marker of price tags.  Record at 29.  He decided, therefore, that Dominic A. was not disabled.  Record at 30.

In his Request for Review, Dominic A. argues that the ALJ failed to properly evaluate the opinion testimony of Sarah Vanes, Psy.D., the independent consulting mental health expert.  He also argues that the ALJ incorrectly assessed his subjective representations in his testimony.

IV.   *Discussion*

A.   *Dr. Vanes*

On November 30, 2023, Dominic A. met with consulting independent mental health specialist, Sarah Vanes, Psy.D.  Record at 353.  Dr. Vanes supplied the agency with a written mental status report.  *Id*.  She also completed a two-page check-off Medical Source Statement setting forth opinions on Dominic A.'s functional abilities, which is also included in the record. Record at 357-9.

Dominic A. points out that the ALJ seems to have overlooked Dr. Vanes's Medical Source Statement.  The ALJ wrote:  "Dr. Vanes did not provide an opinion articulating any work-related capacities or limitations," even though that is exactly what she did provide in the Medical Source Statement.  Record at 28.  He wrote:  "such opinion does not help inform claimant's RFC."  *Id*.  Nevertheless, the ALJ wrote that what he had seen of Dr. Vanes's report had "some persuasiveness."  *Id*.

4

Apparently, the ALJ erred in this regard. However, remand to correct an error is only necessary where it would affect the outcome of the case. *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005). Dominic A. has not given any example of how the ALJ's decision might have been different if he had seen the Medical Source Statement. Upon review, it is clear that Dr. Vanes's functional findings are entirely consistent with the ALJ's RFC assessment.

Dr. Vanes indicated that Dominic A. was unlimited in his ability to understand, remember, and carry out simple instructions, and only mildly limited in the ability to understand, remember, or carry out complex instructions. Record at 357. Thus, her findings in this regard were somewhat less restrictive than those of the ALJ, who found at step two of the sequential analysis that Dominic A. was moderately limited in the ability to understand, remember, or apply information, and specified in the RFC assessment that he could understand, remember, and carry out only simple instructions. Record at 23, 24-5.

Further, Dr. Vanes found moderate limitations in Dominic A.'s ability to interact appropriately with the public, supervisors, and coworkers. Record at 358. The ALJ also found Dominic A. to be moderately limited in "interacting with others," and specified in the RFC assessment that he could have only "occasional interaction" with the public, coworkers, and supervisors. Record at 25.

Since there is no reason why the ALJ would have changed his decision even if he had reviewed Dr. Vanes's Medical Source Statement and accepted it in full, there is no need to remand for correction of his error. Therefore, Dominic A. is not entitled to relief on this claim.

B.      *Dominic A.'s Testimony*

Dominic A.'s argument that the ALJ did not comply with 20 C.F.R. §404.1529 in assessing his testimony focuses on the frequency and severity of his migraine headaches. Dominic A. testified that he experienced headaches which would rate 8-9 on a 10-point scale for pain multiple times per week, which prevented him from functioning properly at work.  Record at 78-9.

The ALJ acknowledged that Dominic A. suffered from migraines as a severe impairment. Record at 20.  He recognized that treatment records from March through June, 2023, reflected complaints of intractable migraines, and prescriptions for migraine prevention and treatment medications.  Record at 26, *citing* 334, 34.  He also wrote:

> [T]he December 2024 MRI of the brain showed findings of small, non-specific foci of abnormal white matter signal, which the MRI report indicates can be associated with migraines.  Therefore, I find migraines to be a severe impairment.

 Record at 26.

The ALJ wrote that, despite normal physical examinations, he limited Dominic A. to light work with postural limitations because of his migraines, and also because of the December 2024 seizure.  Record at 27.  He added that "[t]o further consider migraines" he limited environmental exposures to "extreme cold, extreme heat, vibration, and atmospheric conditions." *Id*.

Nevertheless, the ALJ noted that the record did not document complaints of headaches after June, 2023.  He observed that, on December 27, 2024, when Dominic A. was hospitalized after suffering the seizure, he "denied headaches."  Record at 26, 378.  Therefore, although the ALJ made no specific comment regarding Dominic A.'s testimony as to his headaches, he found that Dominic A.'s statements concerning the overall intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the other evidence of record.  Record at 25.

Dominic A. argues that the ALJ wrongly relied upon the fact that he had no headache on December 27, 2024, and failed to consider that the findings of white matter in his brain demonstrated that he "clearly continued to suffer from migraine headaches as a whole." *Request for Review* at 9.  Dominic A. may be correct in criticizing the ALJ's reliance on the absence of headache in the emergency room:  Dominic A. never claimed to suffer from migraine every second of every day.  Further, his remark appeared to pertain to his symptoms at the time he was interviewed in the emergency room, and not to whether he ever had headaches.

However, as noted above, the ALJ did in fact recognize that the white matter revealed by the MRI supported Dominic A.'s claim to suffer from migraines.  Record at 26.  He included numerous limitations in the RFC to address them.  Nevertheless, the MRI could tell the ALJ nothing about the frequency and severity of the migraines.  The ALJ was entitled to consider Dominic A.'s treatment history in this regard.  20 C.F.R. §404.1529(c)(3)(iv) and (v).  As a whole, therefore, it does not appear that the ALJ wrongly assessed Dominic A.'s testimony with respect to its consistency with the other evidence of record.[1]

---

[1] The MRI and a CT scan Dominic A. underwent on December 27, 2024, revealed not only small areas of white matter, but also a large tumor in the left frontal lobe of his brain.  Record at 366, 368.  Dominic A. testified at his hearing that the growth would be surgically removed on February 17, 2025.  Record at 67.  The ALJ therefore left the record open for new medical evidence until March 17, 2025.  Record at 67.  Dominic A. forwarded to the ALJ the records from his December 2024 ER visit and hospitalization, but no later records from a surgery or any other kind of treatment for the tumor.  Dominic A. testified that he thought the tumor was related to his headaches, but – as the ALJ pointed out – no medical evidence confirmed this.  Record at 21.  Therefore, as grave a condition as a brain tumor is, the ALJ was not able to determine if it had an effect on Dominic A.'s functional abilities during the relevant period.  The absence of medical evidence would have rendered any finding of limitation specifically connected to the tumor mere speculation.  Dominic A. has not argued otherwise in his Request for Review.

V.    *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be DENIED, and judgment entered in favor of the Commissioner.


BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE